Filed 8/12/26  West v. Superior Court CA4/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| REAGAN WEST, | |
| Petitioner, | G066888 |
| v. | (Super. Ct. No. 30-2023-01320118) |
| THE SUPERIOR COURT OF ORANGE COUNTY, | O P I N I O N |
| Respondent; | |
| SHARON ZACKY, | |
| Real Party in Interest. | |

Order to show cause regarding sanctions; sanctions issued. Request for judicial notice granted.

PHG Law Group and Byron K. Husted for Petitioner.

Cummins & White, LLP and J. Thomas Gilbert for Real Party in Interest.

\*     \*     \*

THE COURT.[*]

The trial court denied petitioner Reagan West's ex parte application to advance a trial continuance hearing. In seeking writ relief in this court on behalf of petitioner, Attorney Byron Husted signed and filed a petition stating he had another trial that was "unexpectedly in conflict with [petitioner's] case here." Husted neglected to inform this court that, by the time he filed the writ petition, trial in the other case had already been continued to a date several months *after* the trial date in this action.

On June 23, 2026, we summarily denied the petition but issued an order to show cause (OSC) as to why Husted should not be sanctioned for his lack of candor to this court and his concomitant filing of a frivolous writ petition. Despite Husted's efforts to recharacterize his arguments and then (after our OSC issued) minimize his wrongdoing, we conclude sanctions in the amount of $5,000 are appropriate.[1]

## FACTS

Petitioner is the plaintiff in this litigation, which arises from his father's relationship with real party in interest and defendant Sharon Zacky. Petitioner is represented by PHG Law Group and Byron K. Husted, both in the trial court and in this writ proceeding.

---

[*] Sanchez, Acting P. J., Gooding, J., and Scott, J.

[1] Upon due consideration, we decline to award sanctions for an unreasonable violation of the California Rules of Court for failure to provide an adequate record. (Cal. Rules of Court, rules 8.486(b)(1)(D), 8.492(a)(2).) The sanctionable issue here is the lack of candor in the petition, and the frivolous nature of the petition in light of undisclosed information, not the decision to omit a particular document from the appendix.

2

Husted is also counsel of record for one or more parties in a matter pending in San Diego County Superior Court, *Fain v. Matthews*, case No. 25CU000938N (the San Diego action).[2]

Trial in this case was set for June 29, 2026. Trial in the San Diego action was set for March 2026 and then continued to May 15, 2026. On April 17, 2026, petitioner filed a noticed motion to continue trial in the instant case. However, the earliest available hearing date for petitioner's motion was August 10, 2026, a date well after the scheduled trial date. Accordingly, on April 23, 2026, petitioner filed an ex parte application seeking an order shortening time to hear his motion to continue trial. Real party in interest opposed the ex parte application. The trial court denied the application, citing the absence of a showing of irreparable harm.

On April 28, 2026, the day after petititioner's ex parte application was denied, the trial court in the San Diego action continued trial to October 16, 2026, a date more than three months after the June 29, 2026 trial date in this action.

On May 7, 2026, petitioner filed a petition for writ of mandate in this court asking us to compel the trial court to advance the hearing date on his motion to continue the trial date. The petition and an accompanying declaration were both signed by Husted on May 7, 2026.

The petition explained that the requested trial continuance in this action was necessary "due mainly to the fact that [petitioner's] counsel had a separate unrelated case be given priority to a [90-year-old] Plaintiff where trial was advanced six months, landing trial call unexpectedly in

---

[2] We grant real party in interest's request that we take judicial notice of two documents filed in the San Diego action: a stipulation to continue trial and a minute order continuing trial.

3

conflict with [petitioner's] case here. Due to the conflict, [petitioner's] trial counsel would not be available to properly and reasonably prepare for trial in this matter." The supporting declaration from Husted recited most of the procedural history of the trial date movement in the San Diego action but failed to disclose the continuance to October 16, 2026.

Real party in interest opposed the petition, pointing out that the trial date in the San Diego action had already been continued and did not conflict with the trial date in this action.

We issued an order requesting briefing on the issue and petitioner (represented by Husted) filed a responsive reply. The reply explained that the real reason for the trial continuance request in this action was not that the trial date in this action conflicted with the trial date in the San Diego action, but rather that there was not enough time for petitioner to complete discovery and prepare for trial in this action before the June 29, 2026 trial date. Husted insisted the continuance of trial in the San Diego case was "not part of the record or relevant" to the writ petition before us.

We issued an OSC why sanctions should not be issued and denied the petition in all other respects. The OSC notified Husted that sanctions could be imposed, pursuant to the California Rules of Court and the court's inherent supervisory power, "on the ground that Husted violated his duty of candor to the tribunal under Rule 3.3 of the California Rules of Professional Conduct by asserting that a conflict existed between the June 29, 2026 trial date in this action and the trial date in another action in San Diego County in which Husted is counsel of record, even though the trial in the action in San Diego County had already been continued to October, and by failing to disclose the fact that the action in San Diego County had been continued to

4

October. (Cal. Rules of Court, rules 8.492(a)(1), 8.486(b)(1)(C), Cal. Rules Prof. Conduct, rule 3.3, Bus. & Prof. Code, § 6068, subd. (d).)"

Opposition to the OSC and an accompanying declaration executed by Husted were filed. The opposition states in relevant part that petitioner's multiple attempts to seek a continuance in the trial court led to the recycling of language included in previous applications and motions. "Mr. Husted now understands that a quick note in the new motion (1) highlighting that the [San Diego] trial had been moved after Mr. Husted and his firm finished discovery and were prepared for trial, and (2) highlight[ing] that the basis and need for a continuance in this matter remained the same, would have been highly prudent. However, Mr. Husted did not have any subjective intent to withhold relevant facts. The above omission stemmed from shortcomings in Mr. Husted's thought process, and not from any intent to file a frivolous motion." With regard to the issue of candor, Husted expressed similar sentiments.

With regard to the omission of the minute order from the San Diego action in the writ petition record, Husted cites his lack of experience with writ petitions and his belief that the record should "be kept narrow to review the trial court's refusal to advance the motion, not the basis for the motion as the motion was still pending."

DISCUSSION

The Court of Appeal is empowered to issue sanctions against an attorney for: "(1) Filing a frivolous petition or filing a petition solely to cause delay; or [¶] (2) Committing any other unreasonable violation of these rules." (Cal. Rules of Court, rule 8.492(a)(1), (2); see Code Civ. Proc., § 907; see also *Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 96 [§ 907 applies with equal force to writ petitions].) We may order sanctions to be paid to the court

5

rather than the opposing party. (*Huschke v. Slater* (2008) 168 Cal.App.4th 1153, 1162; see *N.D. v. Superior Court* (2026) 117 Cal.App.5th 1292 [imposing $25,000 sanctions against attorney to be paid to the court for filing frivolous writ petition].)

Rule 3.3(a)(1) of the Rules of Professional Conduct prohibits lawyers from "knowingly mak[ing] a false statement of fact or law to a tribunal or fail[ing] to correct a false statement of material fact or law previously made to the tribunal by the lawyer." (*Ibid.*; see Bus. & Prof. Code, § 6068, subd. (d).) Attorneys are officers of the courts in which they appear and owe the courts "a duty of candor." (*Levine v. Berschneider* (2020) 56 Cal.App.5th 916, 921 (*Levine*).) Our judicial system relies on attorneys fulfilling that duty. When attorneys make misleading statements to courts or fail to promptly update courts when new facts emerge that are relevant to a matter under consideration, courts unnecessarily expend resources assessing issues under false premises. And only when counsel's zealous advocacy is exercised consistent with counsel's duty of candor to the court can the judicial system achieve its goal of ascertaining the truth.

We are obligated to take appropriate corrective action when we are convinced an attorney has violated the Rules of Professional Conduct, including a breach of the duty of candor. (*People v. Alvarez* (2025) 114 Cal.App.5th 1115, 1120.) An award of monetary sanctions is consistent with the fulfillment of that duty. (*Ibid.* [sanctioning counsel $1,500 for including hallucinated case law and misrepresenting the law in existing cases].)

In *Levine*, an attorney moved to enforce a settlement agreement but failed to disclose at the hearing that the funds had been paid days before the hearing occurred. (*Levine, supra*, 56 Cal.App.5th at p. 919.) Instead, counsel concealed the payment with a "'half-truth'" at the hearing (*id.* at p.

6

922), which was not attended by opposing counsel (*id.* at p. 919). In addition to holding the attorney in contempt, the trial court sanctioned the attorney $5,310, relying on Code of Civil Procedure section 128.5 as authority for the monetary sanction. (*Levine*, at p. 920.) The sanction was affirmed on appeal. (*Id.* at p. 923.) "A misrepresentation of material fact is subject to sanction under section 128.5." (*Id.* at p. 922.)

Here, Husted violated the precepts set forth above by misrepresenting to this court that a conflict existed between the trial dates in the two actions—and arguing the purported conflict necessitated a trial continuance—when Husted knew there was, in fact, no such conflict. Husted made matters worse by reciting the procedural history of the trial date of the San Diego action, while omitting the most material fact: the present status of the trial date.

We are unpersuaded by Husted's attempt to reframe his argument in support of his requested trial continuance as being based on the need for additional time to conclude discovery. Although the reply claims the continuance request was "not based on conflicting trial dates," the *opening sentence* of the writ petition filed in this court states that a trial continuance is needed "due mainly to the fact that [petitioner's] counsel had a separate unrelated case be given priority to a [90-year-old] Plaintiff where trial was advanced six months, *landing trial call unexpectedly in conflict with* [*petitioner's*] *case here.*" (Italics added.) The petition never mentions the word "discovery." Nor does it cite the complexity of the San Diego action or the time spent preparing for that trial.

"This court may find a writ petition to be frivolous and order sanctions if we conclude the petition . . . is indisputably without merit, i.e., any reasonable attorney would agree the petition is completely without

7

merit." (*In re White* (2004) 121 Cal.App.4th 1453, 1479.) The petition (as it was filed on May 7, 2026) was plainly frivolous when filed in light of the undisclosed information about the San Diego action. No court would issue extraordinary writ relief to remedy a trial conflict that no longer existed. No reasonable attorney would file a writ petition on this factual record, making the arguments that were made in the petition filed on May 7, 2026. (Cf. *Noland v. Land of the Free, L.P.* (2025) 114 Cal.App.5th 426, 447–449 [finding appeal frivolous and imposing $10,000 in sanctions payable to the court because the briefing was based on hallucinated cases, resting arguments on "'negligible legal foundation'"].)

Finally, although we appreciate Husted's concession in his response to our OSC that his conduct would "lead any reasonable person to question [his] reasoning, logic, and intent," and his offer to "earnestly fall[] on his sword," we remain persuaded that his conduct violated the Rules of Professional Conduct, that violation resulted in the filing of a frivolous petition, and Husted should be sanctioned. Accordingly, we issue sanctions against Husted in the amount of $5,000.

DISPOSITION

Attorney Byron K. Husted is ordered to pay the clerk of this court the amount of $5,000 within 60 days of this order. The clerk of this court is directed to deposit such payment in the general fund. Husted and the clerk of this court are directed to forward a copy of this opinion to the California State Bar within 60 days. (Bus. & Prof. Code, §§ 6086.7, subd. (a)(3), 6068, subd. (o)(3); Cal. Rules of Court, rule 10.1017(a).)

8